KEVIN MCCLAIN, TANJA DILLARD,
STEFON EICKHOFF and WENDY
SHIPE,

                Plaintiffs,

v.                                          Case No: 6:15-cv-1464-Orl-31DCI

EXPAND, INCORPORATED, AYMAN
AHMED EL-DIFRAWI, KELLY
ROMERO and RALPH BELL,

                Defendants.
_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** **PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (Doc. 110)**
>
> **FILED:** May 8, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

**I.   BACKGROUND.**

On March 15, 2016, Plaintiffs filed their third amended complaint (the Complaint), alleging causes of action arising under the Fair Labor Standards Act (FLSA). Doc. 40. Plaintiffs moved for summary judgment (the Motion) on May 8, 2017, seeking summary judgment for both the

Named Plaintiffs and the Opt-in Plaintiffs,[1] and asking for a jury trial to determine the amount of damages.[2] Doc. 110. After discussing the procedural history, including Defendants' failure to produce "time sheets and payroll records" and Defendant Expand, Incorporated's failure to respond to Plaintiffs' request for admissions, Plaintiffs made the following assertions of "undisputed material facts."[3] Doc. 110.

Defendant Expand, Incorporated (Expand) is and was an enterprise that functioned primarily as an online marketing company and employed a number of specialists and advisors who would speak to consumers over the telephone. *Id*. at 9-10. Expand was "an enterprise engaged in commerce or in the production of goods for commerce" and its annual gross sales volume exceeded $500,000.00. *Id*.

Defendants Difrawi, Romero, and Bell were Directors of Expand. *Id*. at 6-9. Defendants Difrawi and Romero worked at Expand's office on a daily basis. *Id*. Defendant Difrawi supervised and controlled employee work schedules and conditions of employment; had operational control over expand; was "instrumental" in crafting, creating, and developing Defendant's pay policies; had control of significant aspects of Expand's day-to-day operations, including compensation of

---

[1] The Named Plaintiffs are Kevin McClain, Tanja Dillard, Stefon Eickhoff, and Wendy Shipe. Doc. 110 at 1. The Opt-in Plaintiffs are Laura Jimenez, Ryan Meyers, Melinda Bright, Judy Rowe, Monica Abernathy, Felicia Wheeler, Eric Hahn, Amy Alers, and Marria Goff. *Id*. at 2.

[2] Plaintiffs also asked, in the alternative, that the Court decide the amount of damages. Doc. 110 at 22-23.

[3] The undersigned notes that throughout much of the Motion, Plaintiffs made assertions only with regard to the Named Plaintiffs. *See* Doc. 110. For instance, Plaintiffs asserted: (1) "Named Plaintiffs were each, at all times relevant hereto, an 'employee' of the Defendants"; (2) "Named Plaintiffs worked from home using personal and/or company computers"; and (3) "Named Plaintiffs sometimes received less than minimum wage for all hours worked." *Id*.

employees; was responsible for computing weekly wages due to Plaintiffs; and was the final decision maker regarding Expand's employment policies. *Id*.

Plaintiffs were employed by Defendants as "Career Specialists" or "Employment Specialists." Doc. 110 at 12-13. Their job duties included talking with job applicants on the telephone to determine the applicants' interest in and eligibility for "educational opportunities." *Id*. Plaintiffs worked from home using their personal computers, but were required to wait by their computers at all times regardless of the frequency of calls. *Id*. at 13, 18. "Plaintiffs were . . . , through the performance of their job duties, engaged in commerce . . . ." *Id.* at 10.

Defendants did not compensate Plaintiffs for all hours worked. *Id*. at 10-17. Specifically, Defendants only compensated Plaintiffs for the time Plaintiffs spent on a call, and not for the time Plaintiffs spent waiting for a call. *Id*. Further, although Plaintiffs were hourly employees that routinely worked in excess of 40 hours per week, Plaintiffs were never paid overtime wages. *Id*.

In the Motion, Plaintiffs argued that summary judgment was appropriate because Defendants failed to present any evidence to refute Plaintiffs' unpaid minimum wage and overtime claims, and that Defendants failed to provide any evidence to support Defendants' affirmative defenses. *Id*. at 18-22. However, Plaintiffs provided no argument or citations to legal authority regarding whether Plaintiffs were covered by the FLSA or whether the individual defendants were "employers" under the FLSA. *Id*.

On June 9, 2017, Defendants filed their response to the Motion. Doc. 114. Defendants did not present any facts or record evidence to support their position. *Id*. Instead, Defendants argued that Expand's failure to respond to Plaintiffs' request for admissions was the result of excusable neglect, and, therefore, that Expand's responses to Plaintiffs' request for admissions should not be deemed admitted. *Id*. at 2-4. Defendants also argued that the record evidence presented by

Plaintiffs is insufficient to establish that Defendants Difrawi, Romero, and Bell were "employers" under the FLSA. *Id*. at 4-5. Finally, Defendants argued, in conclusory fashion, that Plaintiffs failed to establish that they were not compensated for all hours worked. *Id*. at 5.

Plaintiffs filed a reply on June 23, 2017. Doc. 115. Plaintiffs argued that Expand's failure to respond to Plaintiffs' request for admissions was not the result of excusable neglect. *Id*. at 4-6. Plaintiffs also argued that their unsworn declarations attached to the Motion were based upon personal knowledge and comply with Federal Rule of Civil Procedure 56. *Id*. at 6-7. Finally, Plaintiffs argued that Defendants failed to produce any documents to support their position, and thus, failed to adhere to Rule 56. *Id*. at 7-8.

## II. **STANDARD OF REVIEW**.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support that assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). "Unsworn and conclusory allegations are insufficient to support summary judgment." *Silk v. Albino*, No. 8:06-cv-33-T-23TBM, 2007 WL 853752, at *1 (M.D. Fla. Mar. 19, 2007) (citing *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991)); *but see* 28 U.S.C. § 1746 (permitting in some circumstances the use of written, unsworn declarations subscribed to as true under penalty of perjury).

The moving party bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the record that demonstrate the absence of a genuinely disputed issue of material fact. *U.S. v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once the moving party makes the required showing, the burden shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citations omitted). To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving must go beyond the pleadings and "identify affirmative evidence" that creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). However, the non-moving party need not produce opposing evidence if the evidence in support of the motion does not establish the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress Co.*, 398 U.S. 144, 159-60 (1970).

In determining whether a genuine dispute of material fact exists, the Court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party and must resolve any reasonable doubts in the non-moving party's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita*, 475 U.S. at 587.

## III. ANALYSIS.

### A. Coverage Under the FLSA

Plaintiffs bear the initial burden of demonstrating coverage under the FLSA. *See Josendis*, 662 F.3d at 1298; *see also Curry v. High Springs Family Practice and Diagnosis Ctr., Inc.*, 2009 WL 3163221, at *3-4 (N.D. Fla. Sept. 20, 2009) ("Under the FLSA, '[t]he burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce.'") (citations omitted) (alterations in original). Thus, to demonstrate entitlement to summary judgment, Plaintiffs must first establish coverage under the FLSA. *Silk*, 2007 WL 853752, at *1. Plaintiffs failed to do so here.

There are two types of coverage that may apply in FLSA cases – individual coverage and enterprise coverage. *See Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). A plaintiff may claim individual coverage if the plaintiff "directly participat[es] in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce . . . or (ii) by regularly using the instrumentalities of interstate commerce in his work." *Id*. at 1266 (citations omitted); *see also* 29 U.S.C. § 207(a)(1) (providing that a plaintiff is entitled to individual coverage if the plaintiff is engaged in commerce or in the production of goods for commerce). "An employee is not 'engaged in commerce' unless his activities are 'so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity.'" *Silk*, 2007 WL 853752, at *1 (citing *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955)).

A plaintiff may claim enterprise coverage if the plaintiff "is 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Josendis*, 662 F.3d at 1298-99 (citation omitted). Commerce "means trade, commerce, transportation, transmission, or

communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b); *see also Josendis*, 662 F.3d at 1299. An enterprise engaged in commerce or in the production of goods for commerce is an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; **and**
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . . .

29 U.S.C. § 203(s)(1) (emphasis added); *see also Josendis*, 662 F.3d at 1299.

In the Motion, Plaintiffs failed to assert whether they sought coverage under the FLSA pursuant to individual coverage or enterprise coverage. So the undersigned will discuss both aspects of FLSA coverage. To be sure, there were allegations, supported by answered and unanswered requests for admission, that Expand was "an enterprise whose annual gross volume of sales made or business done is not less than $500,000." Doc. 110 at 9. Such an assertion leads the undersigned to believe that Plaintiffs are asserting enterprise coverage, although Plaintiffs never specify this. Plaintiffs also made the allegation, supported only by citation to Defendants response to an Order to Show Cause, that they "were, at all times relevant to the violations of the FLSA, through the performance of their job duties, engaged in commerce as defined by 29 U.S.C. § 203(b)." *Id*. at 10. Of course, such an allegation, if supported by fact, could establish either individual coverage or an element of enterprise coverage. There were no other allegations of fact as to employees of Expand, other than Plaintiffs, so, to the extent that Plaintiffs sought to establish enterprise coverage, it would have been through the employment activities of Plaintiffs. Thus, the

issue of whether Plaintiffs were engaged in commerce is central to establishing coverage under either theory – individual or enterprise.[4]

But Plaintiffs failed to provide sufficient support to establish that they were engaged in commerce, thus defeating both individual and enterprise coverage. Plaintiffs merely alleged that their job duties included talking with job applicants on the telephone. But the proffered factual support for those allegations – and even the allegations themselves - without more, is not enough to establish that Plaintiffs were engaged in commerce under the FLSA. To be engaged in commerce based upon their use of the telephone, Plaintiffs were required to provide facts demonstrating that they used the telephone to communicate with job applicants outside of the state as a regular and recurrent part of their duties. *See* 29 C.F.R. § 776.10(b) (providing, in part, that an employee is engaged in commerce if the employee, as a regular and recurrent part of the employee's duties, uses the telephone to obtain or communicate information across State lines); *see also Thorne*, 448 F.3d at 1266 (stating that an employee is engaged in commerce under the FLSA if the employee makes regular and recurrent use of the instrumentalities of interstate commerce, including interstate telephone, and finding that plaintiff failed to produce at trial sufficient evidence of interstate transactions where plaintiff did not produce evidence that he had corresponded with out-of-state merchants or purchased goods from out-of-state vendors); *Curry*, 2009 WL 3163221, at *3-4 (granting summary judgment in favor of defendants where defendants argued that plaintiff primarily performed administrative functions such as answering local telephone calls and plaintiff failed to demonstrate that her telephone contacts with out-of-state insurance companies were regular and recurring); *Garay v. B&G Volker Corp.*, 2000 WL 1717632,

---

[4] The undersigned notes that this is not an undisputed issue. In their answers, Expand and the individual defendants denied allegations that Plaintiffs were engaged in commerce and that Defendant was an enterprise engaged in commerce.

at * (S.D. Fla. Aug. 4, 2000) (finding that plaintiff did not meet his burden of establishing that he was covered by the FLSA where plaintiff presented no evidence at trial that any of the calls he received as part of his employment originated outside the State of Florida). But Plaintiffs failed to do so. And Plaintiffs' conclusory assertion – that they "were, at all times relevant to the violations of the FLSA, through the performance of their job duties, engaged in commerce as defined by 29 U.S.C. § 203(b)" – is not sufficient to establish the absence of a genuine issue of material fact.[5] *See* Doc. 110 at 10; s*ee also Silk*, 2007 WL 853752, at *1 ("Unsworn and conclusory allegations are insufficient to support summary judgment.") (citing *Avirgan*, 932 F.2d at 1577). Further, as the undersigned previously noted, Plaintiffs provided no argument or citations to legal authority to suggest that they were entitled to individual or enterprise coverage under the FLSA. It appears that Plaintiffs failed to sufficiently allege, and then failed to sufficiently support, the commerce element of FLSA coverage. For that reason alone, it is recommended that the Court deny summary judgment.[6]

### B. Individual Defendants' Status as "Employers"

Under the FLSA, an "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). But a defendant is not an "employer" merely by virtue of the defendant's status as a corporate officer. *Olivas v. A Little*

---

[5] The undersigned further notes that in support of this conclusory assertion, Plaintiffs cited only to Defendants' Response to Court's Order to Show Cause (the Response to the OTSC). Doc. 89. But Defendants' did not admit in their Response to the OTSC that Plaintiffs were engaged in commerce as defined by 29 U.S.C. § 203(b). *Id.* Regardless, Plaintiffs provided no legal authority to support the proposition that they can rely upon prior counsel's assertions in Defendants' Response to the OTSC to support their Motion. *See* Fed. R. Civ. P. 56(c).

[6] The undersigned notes that, as to Expand in particular, summary judgment appears to otherwise be appropriate as to the Named Plaintiffs, but, based upon the undersigned's reading of the controlling law, the undersigned cannot recommend the grant of summary judgment against Expand on the basis of the allegations and facts set forth at this stage of the case.

*Havana Check Cash, Inc.*, 324 Fed. Appx. 839, 845 (11th Cir. 2009) (citing *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)). "[T]o be personally liable as an 'employer,' a corporate officer 'must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.'" *Id.* (quoting *Patel*, 803 F.2d at 638). Specifically, the court is required to look at the "economic reality" of the relationship between the parties. *See Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997). In the Eleventh Circuit, the "economic reality test" includes inquiries into "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (citations omitted).

Here, Plaintiffs provided no facts to establish that Defendants Romero and Bell satisfied the "economic reality test." Plaintiffs alleged only that Defendants Romero and Bell were Directors of Expand, and that Defendant Romero worked at Expand's office on a daily basis. Doc. 110 at 6-9. Further, as previously discussed, Plaintiffs provided no argument or citations to legal authority to suggest that Defendants Romero and Bell were employers under the FLSA. Thus, Plaintiffs failed to establish the absence of a genuine issue of material fact with regard to Defendants Romero's and Bell's status as "employers" under the FLSA.

IV. **CONCLUSION**.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 110) be **DENIED**.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the disposition of this matter.**

Recommended in Orlando, Florida on October 13, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy